## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| TAYLOR GOURMET MGMT LLC, *et al.*, | ) | |
| | ) | Case No. 18-12164 (CSS) |
| Debtors. | ) | |
| | ) | |
| JEOFFREY L. BURTCH, | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| | ) | Adv. Pro. No. 20-50821 (CSS) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ACME PAPER & SUPPLY CO., INC. and. | ) | |
| DAVID CHARLES MAZZA, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

## BRIEF IN SUPPORT OF ACME PAPER & SUPPLY CO., INC.'S
## <u>MOTION TO DISMISS COMPLAINT</u>

Lisa Bittle Tancredi (Bar No. 4657)
Gebhardt & Smith LLP
1000 N. West Street, Suite 1200
Wilmington, Delaware  19801
Phone No. (302) 295-5028
Facsimile No: (443) 957-1920
Email:  ltancredi@gebsmith.com

David S. Musgrave (*pro hac to be filed*)
Gordon Feinblatt LLC
233 East Redwood Street
Baltimore, Maryland  21202
Phone No. (410) 576-4194
Fax No. (410) 576-4196
dmusgrave@gfrlaw.com

Filed: September 24, 2020

## TABLE OF CONTENTS

Page

LEGAL STANDARD ...................................................................................... 4

ARGUMENT ................................................................................................... 5

   I.   The Complaint Fails to State a Claim for Avoidance and Recovery of the One-Year Insider Transfers Pursuant to 11 U.S.C. §§ 547(b) and 550 (Count I). ................................. 5

   II.  The Complaint Fails to State a Claim for Recovery of Avoided Transfers under 11 U.S.C. § 550 (Count II). ............................................................ 7

   III. The Complaint Fails to State a Claim for Disallowance of Claims under 11 U.S.C. § 502(d) and (j) (Count III). ............................................................. 8

   IV. The Prayer for Relief is Devoid of any Mention of Acme Paper ................................. 8

CONCLUSION ................................................................................................ 9

8191909.1 00220/145089 09/24/2020

## <u>TABLE OF AUTHORITIES</u>

Page

**Rules**
**Fed. R. Civ. P. 12(b)(6)**..........................................................................................................5


<u>**Cases**</u>
***Ashcroft v. Iqbal***, 555 U.S. 662 (2009) ............................................................................ 5

***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 570 (2007) .................................................. 5

***Fowler v. UPMC Shadyside***, 578 F.3d 203, 210 (3d. Cir. 2009)................................. 5

**Statutes**
**11 U.S.C. § 547** ................................................................................................................ 6

**11 U.S.C. § 550** ................................................................................................................ 7

In the Complaint to Avoid Transfers Pursuant to 11 U.S.C. § 547[1] and to Recover

---

[1] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Code").

8191909.1 00220/145089 09/24/2020

Property Transferred Pursuant to 11 U.S.C. § 550 (the "Complaint"), the Trustee seeks to avoid and recover $564,863.82 in prepetition transfers to Acme Paper & Supply Co., Inc. ("Acme Paper"). The Complaint contains three (3) counts: (i) Count I for avoidance and recovery of one-year insider transfers against Acme Paper and David Mazza under § 547 and § 550; (ii) Count II for recovery of avoided transfers under § 550; and (iii) Count III for disallowance of claims under §§ 502(d) and (j).

The Court should dismiss the Complaint as against Acme Paper because the Trustee has failed to sufficiently plead that Acme Paper received any transfers from the Debtors within the 90-day period preceding the filing of the bankruptcy cases.  Additionally, although Acme Paper received transfers within one year prior to the filing of the bankruptcy case, the Trustee has failed to sufficiently plead that Acme Paper was an "insider," as defined by the Code, at the time of the transfers.  *See* 11 U.S.C. § 101(31).  Consequently, and as admitted by the Trustee in the Complaint, none of the identified transfers may be avoided as against Acme Paper. *See* Compl. (D.I. 1) ¶ 27 ("[T]he Trustee is not able to recover any of the One-Year Insider Transfers from Acme Paper.). In addition, none of the identified transfers may be recovered from Acme Paper. With no possibility of relief against Acme Paper, the Complaint should be dismissed as to Acme Paper.

## LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 7012 applies Rule 12(b)(6) of the Federal Rules of Civil Procedure to adversary proceedings. Rule 12(b)(6) allows a party to assert "failure to state a claim upon which relief can be granted" in the context of a motion to dismiss. Fed. R. Civ. P. 12(b)(6).

When presented with a motion to dismiss for failure to state a claim, the court should

8191909.1 00220/145089 09/24/2020

conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d. Cir. 2009). The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210–11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. *Id.* at 211. A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 555 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211.

## ARGUMENT

**I.     The Complaint Fails to State a Claim for Avoidance and Recovery of the One-Year Insider Transfers Pursuant to 11 U.S.C. §§ 547(b) and 550 (Count I).**

Count I of the Complaint seeks to avoid transfers that allegedly were made to Acme Paper during the one-year period preceding the filing of the bankruptcy case. The Complaint alleges that transfers totaling $564,863.27 were made to Acme Paper during the one-year period. Compl. (D.I. 1) ¶ 100. However, none of the transfers were made during the 90-day period preceding the filing of the bankruptcy case. Compl. (D.I. 1) ¶ 76; Exh. A. The transfers allegedly were made to Acme Paper for the benefit of David Mazza, an "insider" of the Debtors, as defined in the Code. Compl. (D.I. 1) ¶ 97, 98. Acme Paper is not an "insider" of the Debtors. Compl. (D.I. 1) ¶ 99.

Count I fails to state a claim upon which relief may be granted as to Acme Paper because the alleged transfers are not avoidable against Acme Paper, the non-insider creditor, based upon

5

the plain language of the Code.  That is, since the requested relief is precluded by the Bankruptcy

Code, the Trustee cannot plead facts sufficient to show that the Trustee has a plausible claim for

relief against Acme Paper.

Section 547(b) allows the trustee to avoid a transfer of the debtor's interest in property

(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made
    (A) on or within 90 days before the date of the filing of the petition; or
    (B) between ninety days and one year before the date of the filing of the petition, if such creditor . . . was an insider; and
(5) that enables such creditor to receive more than such creditor would receive if the case was under chapter 7 . . . .

11 U.S.C. § 547.  Section 547 is a conjunctive test; the Trustee must plead facts which, if proven,

satisfy each of the subparagraphs in the section.  In his Complaint, the Trustee fails to plead any

facts to satisfy § 547(b)(4) as to Acme Paper.  None of the allegedly avoidable transfers to Acme

Paper occurred within the 90-day period prior to the filing of the petition. Compl. (D.I. 1) ¶ 27.

In fact, all of the transfers at issue in the Complaint took place within the extended period

identified in § 547(b)(4)(B). Compl. (D.I. 1) ¶ 27.  Those transfers are avoidable if, and only if,

the creditor is an "insider."  *See* § 547(b)(4)(B).  Acme Paper is not an insider of the Debtors and

was not an insider at the time of the transfers.  Therefore, the Trustee has alleged facts in the

Complaint which preclude any recovery against Acme Paper under § 547.  Under *Fowler*, the

Trustee must show an entitlement to the relief requested. 578 F.3d at 211.  Here, the Trustee has

shown that the relief requested is precluded under the Code.

The Trustee alleges that the transfers to Acme Paper were made for the benefit of David

Mazza, an insider of Debtors. Compl. (D.I. 1) ¶ 97, 98.  David Mazza executed a personal

guaranty in favor of Acme Paper for the debt owed by the Debtors to Acme Paper. Compl. (D.I. 1) ¶ 29. The transfers to Acme Paper amounted to a dollar-for-dollar reduction in David Mazza's personal exposure to Acme Paper. Compl. (D.I. 1) ¶ 107. The Code addresses this situation in § 547(i). If the Trustee avoids a transfer under § 547(b) that was made during the one-year extended period to a non-insider creditor for the benefit of an insider creditor, the transfer is only avoided with respect to the insider. Therefore, even if the transfers were otherwise avoidable, they are only avoidable as against David Mazza, the insider creditor.

Section 550 provides the authority for recovery of transfers that were avoided under § 547. Importantly, § 550 begins as follows: "[T]o the extent that a transfer is avoided under § . . . 547 . . . the trustee may recover" the property transferred or the value of the property. 11 U.S.C. § 550. Since the Trustee has failed to plead any facts which, if proven, lead to the avoidability of the transfers to Acme Paper, the plain language of § 550 precludes any recovery from Acme Paper. Under *Fowler*, the Trustee has not shown, and cannot show, that he is entitled to the relief requested. *See Fowler*, 578 F.3d at 211.

The Complaint alleges that, "pursuant to Section 547(i) and Section 550(c) and (d), the Trustee is not able to recover any of the One-Year Insider Transfers from Acme Paper." Compl. (D.I. 1) ¶ 27. Thus, the Court should dismiss Count I of the Complaint as to Acme Paper.

## II.    The Complaint Fails to State a Claim for Recovery of Avoided Transfers under 11 U.S.C. § 550 (Count II).

In Count II, the Trustee asserts that he is only seeking to recover the avoided transfers against David Mazza. Compl. (D.I. 1) ¶ 124. The only factual allegation pertaining to Acme Paper in Count II is that "Acme Paper was the initial transferee of the Transfers . . . ," which Acme Paper does not dispute. Compl. (D.I. 1) ¶ 123. However, this factual allegation is

insufficient to support a plausible claim for relief. For all of the reasons stated above, recovery of a transfer is only permitted after a transfer is avoided.  Avoidance of the transfers as against Acme Paper is not possible since the Trustee has alleged that no transfers occurred during the 90-day preference period and that Acme Paper was not an insider at the time of the transfers. The Court should dismiss Count II of the Complaint as against Acme Paper.

### III.    The Complaint Fails to State a Claim for Disallowance of Claims under 11 U.S.C. § 502(d) and (j) (Count III).

Count III does not contain any factual allegations pertaining to Acme Paper. The only mention of Acme Paper is in the context of a legal conclusion, which the Court must disregard for the purposes of considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Compl. (D.I. 1) ¶ 126.  A fair reading of Count III reveals that it is only a request for relief against David Mazza.  There are no facts which, if proven true, would result in the disallowance of any claim filed by Acme Paper.  The Court should dismiss Count III of the Complaint as against Acme Paper.

### IV.    The Prayer for Relief is Devoid of any Mention of Acme Paper

The Trustee's prayer for relief at the end of the Complaint contains six paragraphs.  Only Defendant David Mazza is mentioned by name in the text of the prayer for relief.  The only request for relief contained therein which possibly pertains to Acme Paper is in paragraph A: "Avoiding the Transfers Pursuant to 11 U.S.C. § 547 of the Bankruptcy Code." Compl. (D.I. 1) ¶ A.  Such relief is precluded by the Trustee's allegations that Acme Paper did not receive any transfers inside the 90-day preference period and that Acme Paper was not an insider at the time of the transfers outside the 90-day preference period.

8

## CONCLUSION

Under *Fowler*, the Complaint must do more than allege mere entitlement to relief. Instead, the Complaint must contain facts which show entitlement to the relief requested.  In the Complaint, the Trustee fails to plead any facts which show entitlement to the relief requested as against Acme Paper.  Throughout the Complaint, the Trustee affirmatively states that recovery is not possible against Acme Paper.  The Complaint does not contain facts sufficient to show a plausible claim for relief against Acme Paper.  Consequently, Acme Paper requests that the Court dismiss the Complaint with prejudice for failure to state a claim upon which relief may be granted as against Acme Paper.


/s/ Lisa Bittle Tancredi                                      
Lisa Bittle Tancredi (Bar No. 4657)
Gebhardt & Smith LLP
1000 N. West Street, Suite 1200
Wilmington, Delaware  19801
Phone No. (302) 295-5028
Fax No. (443) 957-1920
ltancredi@gebsmith.com

/s/ David S. Musgrave                                      
David S. Musgrave (*pro hac to be filed*)
Gordon Feinblatt LLC
233 East Redwood Street
Baltimore, Maryland  21202
Phone No. (410) 576-4194
Fax No. (410) 576-4196
dmusgrave@gfrlaw.com


*Attorneys for Acme Paper & Supply Co., Inc.*

8191909.1 00220/145089 09/24/2020